IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED AUG 27 2010

Michael Wayne Motley, )
    Plaintiff, )
  )
v. ) 1:09cv797 (LMB/IDD)
  )
Alvin Harris, et al., )
    Defendants. )

## MEMORANDUM OPINION

Michael Wayne Motley, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional right to reasonable medical care. An initial order was entered in this case on September 8, 2009, directing plaintiff to particularize and amend his complaint and informing him that the amended complaint would serve as the sole complaint in the action. Plaintiff complied, filing a three-paragraph amended complaint with several attachments on October 9, 2009. After reviewing the amended complaint, the Court found that plaintiff's claims could proceed only against defendants Ohai and Harris. On January 15, 2010, defendant Ohai filed a Motion to Dismiss, and defendant Harris filed a Motion for Summary Judgment on July 7, 2010. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed several responses. For the reasons that follow, Ohai's Motion to Dismiss and Harris's Motion for Summary Judgment will be granted.

### I. Background

Plaintiff, who is currently incarcerated at the Lunenberg Correctional Center ("LCC"), suffers from a variety of medical problems, including Hepatitis B and C. Am. Compl. Before his transfer to LCC, plaintiff was an inmate at Southampton Correctional Center ("SCC"), where he

was examined and treated numerous times by defendant Harris, the institutional physician at SCC. Id. During some of these examinations, plaintiff discussed potential Hepatitis C treatments with Harris, and Harris informed him that some inmates have died from the treatments. Id. Additionally, Harris examined plaintiff's liver enzyme levels and reported that the levels were "fine," and that plaintiff therefore did not qualify for Hepatitis C treatment. Id. Plaintiff, however, continued to press for the treatment in spite of his awareness of the risks. Id. Harris also examined plaintiff in connection with other ailments. Id.

Plaintiff was transferred to LCC on October 24, 2008, and upon arrival plaintiff was examined by defendant Ohai, a physician at LCC. Id. During that examination, plaintiff states that he and Ohai discussed plaintiff's declining health. Id. Although plaintiff admits that Ohai treated some of his ailments, plaintiff alleges that Ohai did not treat plaintiff's Hepatitis B and C; specifically, plaintiff claims that Ohai refused to provide plaintiff with "multivitamins and things such as that to shunt Hepatitis or slow it down." Id. An inmate grievance response form submitted by plaintiff indicates that "the physician at LCC" ran lab tests on plaintiff and determined, as Harris had, that plaintiff did not meet the criteria to qualify for Hepatitis C treatment. Id. Another grievance response informed plaintiff that "there is not a treatment to cure Hepatitis C. There is a treatment that sometimes prolongs your life span with this condition but it is very toxic and can sometimes make you worse. If the treatment is indicated *and you meet the criteria*, it would be offered to you. Dr. Ohai determines your eligibility." Id. (emphasis added). Plaintiff admits that he was provided with pain medication and stockings to help cramps in his legs that appear to be complications from his ailments. Additionally, medical records submitted by plaintiff indicate that both Ohai and Harris referred plaintiff for procedures and examinations outside of the correctional facility. Dkt # 11, Ex. 3; Dkt # 23, Ex. 1-3.

2

## II. Standards of Review

### A. Ohai's Motion to Dismiss

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss claims based upon dispositive issues of law. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit

3

prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

B.  Harris's Motion for Summary Judgment

On a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is properly made and supported . . ., an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988). Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Anderson, 477 U.S. at 247-48) (internal quotation marks omitted). Accordingly, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id.

## III. Merits

### A. Eighth Amendment claims

It is well-settled that prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To have such a claim rise to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, plaintiff must show deliberate indifference to that serious medical need; mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

### B. Defendant Ohai

Plaintiff has failed to state a claim that Ohai violated plaintiff's Eighth Amendment right to reasonable medical care. As a preliminary matter, defendant's discussion of plaintiff's failure to comply with Virginia Code § 8.01-20.1, which requires plaintiffs filing medical malpractice claims to obtain a "certificate of merit" from an expert prior to pursing the claim, is misplaced. Plaintiff filed a § 1983 civil rights action, not a medical malpractice claim. Although he

5

originally filed his complaint on a form intended to be used by persons bringing tort claims against the Commonwealth of Virginia, he sent his complaint to this Court, not to the Attorney General's Office. In the September 8, 2009 initial order, the Court informed plaintiff that despite the form on which he listed his claims, the action had been docketed as a federal civil rights action, and that if plaintiff sent the action to this Court by mistake, he could seek voluntary dismissal. Plaintiff did not seek dismissal, and thereafter he paid the full $350.00 filing fee and complied with all court orders without expressing any intent to refile his case in state court as a tort claim.

In Federal Tort Claims Act ("FTCA") cases filed in this district, plaintiffs must comply with the requirements of Virginia Code § 8.01-20.1. See Parker v. United States, 475 F. Supp. 2d 594, 597 (E.D. Va. 2007) (dismissing plaintiff's medical malpractice action filed under the FTCA after finding that plaintiff failed to comply with the expert certification provision). There is nothing to indicate, however, that § 1983 plaintiffs must also comply with § 8.01-20.1. See Bowman v. Johnson, No. 3:08cv449-HEH, 2010 WL 1225693 ("Defendant Sykes does not cite any authority for the proposition that [Virginia Code § 8.01-20.1] applies to plaintiff's Eighth Amendment claims. Accordingly, Defendant Sykes's motion for dismissal for lack of compliance with section 8.01-20.1 of the Virginia Code will be denied without prejudice."). Therefore, Motley's failure to comply with § 8.01-20.1 is not fatal to his action.

His claims of Eighth Amendment violations, however, fail. Assuming that Hepatitis B and C constitute serious medical conditions for Eighth Amendment purposes, plaintiff's statements and the medical records he submitted reflect that Ohai extensively treated plaintiff's many ailments. Moreover, plaintiff's statements and the records indicate that Ohai and other medical providers exercised their medical judgment in determining that plaintiff was not a

suitable candidate for the potentially deadly Hepatitis C treatment that he sought. Even though plaintiff expressed a willingness to "take that risk," medical professionals determined that plaintiff did not qualify for the treatment, and Ohai cannot be said to have acted with deliberate indifference in refusing to provide plaintiff with something for which he did not qualify. Plaintiff clearly disagrees with Ohai's determination that he should not receive the dangerous treatment, but this disagreement cannot create an Eighth Amendment violation. Wright, 766 F.2d at 849. Therefore, Ohai did not act with deliberate indifference in treating plaintiff's Hepatitis C.

Regarding plaintiff's claims related to his Hepatitis B treatment, plaintiff has failed to provide the Court with any information on what treatment could have been provided, what was provided, and whether plaintiff even asked for that treatment. Indeed, plaintiff only mentions Hepatitis B in two of the grievances he provided to the Court; a response to one of the grievances indicates that plaintiff did not raise that issue during his doctor's visit, and in the other grievance plaintiff only states, "Some people with cronic [sic] Hepatitis B may need antiviral medications . . ." Response Form, Feb. 4, 2009; Grievance, May 7, 2009. The majority of plaintiff's institutional grievances focus on his desire to begin Hepatitis C treatment. Even after the Court's initial order directing plaintiff to elaborate on all of his claims, plaintiff has alleged insufficient facts to establish that Ohai acted with deliberate indifference in treating plaintiff's Hepatitis B. For all these reasons, Ohai's Motion to Dismiss will be granted.

C. **Defendant Harris**

Assuming plaintiff's claims against Harris are not time-barred,[1] plaintiff has also failed to state a claim that Harris violated plaintiff's Eighth Amendment right to reasonable medical care.

---

[1] Virginia Code § 8.01-243(A) sets forth a two-year statute of limitations for personal injury actions, which applies to plaintiff's § 1983 claim. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). In this case, it appears that plaintiff's claims against Harris date back more than two years before he filed the action on July 2, 2009.

In addition to the 30 pages of medical records that Harris submitted in support of his Motion for Summary Judgment, Harris submitted an affidavit in which he describes in further detail the Hepatitis C treatment plaintiff seeks. That treatment, known as "Interferon and Ribavirin," requires two elevated liver enzyme levels over a six month period before treatment is appropriate. Harris Aff. ¶¶ 3, 7. Only a minority of chronic Hepatitis C patients respond to the treatment, and the medication can produce "incapacitating, even fatal side effects." Id. at ¶ 4. Plaintiff did not have high enough liver enzyme levels while under Harris's care at S.C.C., and thus plaintiff did not qualify for the treatment. Id. at ¶ 7. Moreover, Harris extensively treated plaintiff during his time at S.C.C., including referring plaintiff for a consultation at the Medical College of Virginia's vascular clinic. Id. at ¶ 9. Therefore, the record demonstrates that Harris did not act with deliberate indifference in treating plaintiff, and Harris's Motion for Summary Judgment will be granted.

## IV. Conclusion

For the reasons stated above, Ohai's Motion to Dismiss will be granted, and Harris's Motion for Summary Judgment will also be granted. An appropriate order shall issue.

Entered this 27th day of August 2010.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

8